UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cr-00072-TWP-DML |
| ) | |
| BRUCE JONES, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON MOTIONS IN LIMINE

This matter is before the Court on the Government's Motions *in Limine* (Dkts. 61, 63, 65, 72, 73, 83, and 85) and the Government's Motion for Admissibility of 404(b) Evidence (Dkt. 62). On June 14, 2013, the Court conducted a final pre-trial conference in this case. The Government appeared by Bradley Paul Shepard and Nicholas E. Surmacz, Assistant United States Attorneys. The Defendant, Bruce Jones ("Mr. Jones"), appeared by retained counsel Charles David Pumphrey and John D. Manley. Kathleen Guider attended as agent for the Government. David Moxley was the Court Reporter. The pending motions *in limine* were discussed, and the Court now issues its rulings. For the reasons stated below, the Government's Motions *in Limine* (Dkts. 61, 83, 72, 73, and 85) are **GRANTED**, the Government's Motions *in Limine* (Dkt 65) and Motion for Admissibility of 404(b) Evidence (Dkt. 62) are **GRANTED IN PART**, and the Government's Motion *in Limine* (Dkt. 63) is taken under advisement.

### I. LEGAL STANDARD

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be

deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. THE GOVERNMENT's MOTION'S

The Government has filed five motions *in limine* for the admission of certain evidence. The Government requests that the Court allow the admission of, and provides notice of intent to provide, evidence of certain business records, including credit card statements, firearms sale records, and telephone records pursuant to Federal Rules of Evidence 803(6) and 901(11) (Dkts. 61 and 83); evidence concerning Mr. Jones' acquisition and possession of firearms and ammunition on dates and times other than specifically charged direct evidence, or as evidence of prior bad acts pursuant to Federal Rule of Evidence 404(b) (Dkt. 62); certain documents as admissions of Mr. Jones, including purchase records, computer documents, and books relating to firearms, pursuant to Federal Rules of Evidence 801(d)(2)(A) and (B) (Dkt. 65); and actual evidence consisting of the seized firearms and ammunition, pursuant to Federal Rules of Evidence 401 and 402 (Dkt. 72).

The Government has filed two motions *in limine* for the exclusion of certain evidence, including a motion to exclude a transfer agreement and inventory (Dkt. 63), and a motion for exclusion of evidence of a possible defense (Dkt. 85). Finally, the Government has filed a motion to exempt a summary witness from the Court's sequestration order (Dkt. 73). Each motion will be addressed in turn.

**A.    Admissibility of Evidence of Certain Business Records (Dkt. 61 & 83)**

The Government seeks to admit various documents recovered from Mr. Jones' residence, including credit card records, firearm purchase records, and telephone usage records as self-authenticating records of regularly conducted activity pursuant to Federal Rules of Evidence 803 and 902.  The Government alleges that between 2008 and 2010, Mr. Jones' Bank of America credit cards (the "Cards") were used to purchase several of the firearms and ammunition rounds charged in Counts 2-4.  Bank of America provided the Government with records related to the Cards, which were signed and affirmed through a certification form.  (Gov. Exhibits 5 and 6.) The Government has also obtained records related to the sale of several of the firearms from two Indiana gun dealers, Crack Shot Guns and Swindell Farm Supply, Inc.  These records include sales receipts and firearms transaction records forms required by federal law, and were both signed and affirmed through a certification form. (Gov. Exhibit 4.)  Finally, the Government obtained telephone records from Mid-Rivers Telephone Cooperative, Inc. containing details of calls made between Mr. Jones in Indiana and his Roundup, Montana neighbor, Mr. Hotchkiss, which were provided by Mid-Rivers Telephone and were signed and affirmed through a certification form.  (Gov. Exhibit 7.)

Dr. Jones does not make any objections to the admission of this evidence; therefore, the Government's motions (Dkts. 61 & 83) are **GRANTED**.

**B.    Admissibility of Evidence of Prior Bad Acts (Dkt. 62)**

Pursuant to Federal Rule of Evidence 404(b), the Government's motion *in limine* provides notice of its intent to offer evidence in its case in chief concerning Mr. Jones' acquisition and possession of firearms and ammunition on dates and times other than specifically charged in the Second Superseding Indictment, and seeks a ruling from this Court allowing the

same. During the execution of the search warrant on Mr. Jones' residence, "treatment lodge" and Montana cabin, the FBI recovered various receipts, proofs of purchase and owner's manuals for firearms and ammunition; a pre-nuptial agreement between Dr. Jones and Larissa Jones which indicates that multiple firearms are the property of Dr. Jones; ledgers of ammunition with handwritten notations; a personal balance sheet dated April 26, 2009 in the name of Dr. Jones which lists "Guns and Ammunition - $35,000" as assets of his; and computer files containing photographs of multiple firearms, and pictures of Dr. Jones physically holding a rifle similar to multiple rifles recovered during the search of Dr. Jones' property. The FBI also recovered multiple e-mails discussing gun ownership and use, as well as relating to the purchase of ammunition and firearms from auction sites. The Government also seeks to admit testimony of two witnesses who claim to have witnessed Dr. Jones in possession of firearms in Montana.

The Government argues that these documents constitute direct evidence, as the evidence relates directly to the firearms charged in Counts 2-4. However, to the extent that they may be considered character evidence, the Government asserts that they will not be offered to show action in conformity therewith, but rather to show Mr. Jones' intent and opportunity to exercise dominion and control over the firearms under Rule 404(b). To admit evidence of other acts under Rule 404(b), the Court must determine whether (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *United States v. Wilson*, 31 F.3d 510, 514-15 (7th Cir. 1994). "Evidence is *unfairly* prejudicial only if it will induce the jury to decide

the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *United States v. Bogan*, 267 F.3d 614, 623 (7th Cir. 2001) (citations omitted).

Mr. Jones objects to the admissibility of this evidence pursuant to Federal Rule of Evidence 403, arguing that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Mr. Jones has specifically made objections to certain evidence sought to be admitted by the Government in this motion, and the Court will address the specific exhibits in question.

### 1. Pre-Nuptial Agreement (Gov. Exhibit 85)

Mr. Jones has no objection to the admission of the pre-nuptial agreement between Dr. Jones and Larissa Jones. Therefore, the Government's motion is **GRANTED** as to this evidence.

### 2. Ledgers of Ammunition (Gov. Exhibit 59)

Mr. Jones objects to the admissibility of the ledgers of ammunition found in Mr. Jones' desk pending a proper foundation being laid at trial. The Court will defer ruling on the admissibility of this evidence until trial; therefore, the Government's motion is taken under advisement.

### 3. Personal Balance Sheet (Gov. Exhibit 150)

Mr. Jones objects to the admission of this evidence only to the extent that it contains information about his net worth, and the parties agreed to redact this information. The parties shall confer and agree on what information from this document should be redacted before it is presented to the jury. The Government's motion as to this evidence is **GRANTED**, provided that the Government redacts the information as stated above.

  **4.**  **Digital Photographs and E-Mails (Gov. Exhibits 147, 148, 149, 151 & 152)**

The Government seeks to admit only those photographs of the firearms included in Counts 2-4 which it alleges were found on Dr. Jones' computer. Dr. Jones only objects to the inclusion of irrelevant and potentially prejudicial and inflammatory information included in the e-mail documents. The Government's motion as to this evidence is **GRANTED**; provided, however, the Government shall redact any information related to Dr. Jones' or Larissa Jones' wealth or condominium (Gov. Exhibit 152), and any other inflammatory information and irrelevant materials contained in the e-mails (Gov. Exhibit 151).

  **5.**  **Witness Testimony**

Mr. Jones has no objection to the admission of the testimony of witnesses who will testify as to seeing Dr. Jones with firearms in Montana. Therefore, the Government's motion as to this evidence is **GRANTED**.

**C.**  **The Government's Motion for the Exclusion of Documents (Dkt. 63)**

The Government seeks to exclude a "transfer agreement" whereby Mr. Jones purportedly transferred the ownership of his firearms to his ex-wife, Larissa Jones, executed in September 2001, and an "inventory" of firearms purportedly owned by Larissa Jones. The Government argues that these documents are inadmissible hearsay because they are being offered for the truth of the matter asserted, namely that Larissa Jones was the owner of the firearms. The Court will take this motion under advisement.

**D.**  **The Government's Motion for Admission of Documents (Dkt. 65)**

The Government seeks to admit certain documents as the admission of Mr. Jones, including receipts of on-line purchases of ammunition of firearms in his own name; receipts, owner's manuals, and proofs of purchases from gun stores for firearm purchases; Wal-Mart

receipts for the purchase of "AMMO" signed by Dr. Jones; ledgers of ammunition with handwritten notations (collectively "Purchase Records"); and a pre-nuptial agreement between Dr. Jones and Larissa Jones which indicates that multiple firearms are property of Dr. Jones. The Government also seeks to admit documents recovered from Dr. Jones' computer which evidence firearm ownership, including a personal balance sheet listing "Guns and Ammunition - $35,000" as an asset, as well as multiple e-mails from the e-mail account "Dr.BruceE.Jones@comcast.net" discussing gun ownership use, and emails related to the purchase of ammunition and firearms from auction sites (collectively "Computer Documents"). Finally, the Government seeks to admit books, magazines, and print outs which relate to firearm ownership, firearm law, and ammunition reloading; many of the books are stamped "Dr. Bruce E. Jones" (collectively "Gun Books"). The Government argues that the evidence in this motion is not being offered to prove the truth of the matter asserted under Rule 801(c), or, alternatively, that it falls under the Rule 801(d)(2) exception to the hearsay rule as a statement of a party opponent.

The Court has already ruled that Purchase Records, pre-nuptial agreement, and Computer Documents are admissible as direct evidence, thus there is no need to determine whether a hearsay exception applies. The Court **GRANTS** the Government's motion to admit these documents, subject to the redaction requirements discussed above.

With regard to the Gun Books, Dr. Jones objects to the admissibility of this evidence on the grounds of relevancy. The Government argues that the evidence is relevant to show intent and desire to exercise control, anticipating Dr. Jones' defense that he lacked intent. The Seventh Circuit has determined that in cases involving knowledge and intent as elements of a crime, the issue of intent is part of the prosecution's case in chief and the Government may anticipate an

intent defense before it is formally disputed. *U.S. v. Juarez*, 561 F.2d 65, 73 (7th Cir. 1977). The Court will take the Government's motion under advisement as to the Gun Books.

E.  **The Government's Motion for Use of Actual Evidence (Dkt. 72)**

The Government seeks leave to offer the actual firearms and ammunition seized from Mr. Jones's properties in Indiana and Montana as exhibits at trial, which includes 47 firearms and 28 cases of ammunition. The Government asserts that this evidence is relevant and admissible under Federal Rules of Evidence 401 and 402. The Seventh Circuit held that the introduction of numerous guns during trial was a proper exercise of the court's discretion to admit direct evidence of a crime. *United States v. Wescott*, 576 F.3d 347, 355 (7th Cir. 2009). The Government has agreed that the firearms and ammunition will be brought in as necessary to aid witness testimony and during closing arguments, and will not remain in the courtroom during the entire duration of the trial. Mr. Jones does not object to the admission of this evidence in the manner stated by the Government. Therefore, the Government's motion to use actual evidence (Dkt. 72) is **GRANTED**.

F.  **The Government's Motion to Exempt a Summary Witness from Portions of any Trial Sequestration Order (Dkt. 73)**

The Government seeks to exempt Vickie Joyce, a summary witness, from portions of the sequestration order entered by the Court. Dr. Jones has no objection as long as Ms. Joyce's testimony is limited to summary and she may not offer opinion testimony; therefore, the Government's motion (Dkt. 73) is **GRANTED**.

G.  **The Government's Motion for Exclusion of Possible Defense (Dkt. 85)**

The Government seeks to prevent Mr. Jones from offering any evidence that he did not know he was prohibited from possessing firearms. The Government asserts that it only needs to establish that Mr. Jones knowingly possessed firearms, not that the knowingly violated the law.

8

18 U.S.C. § 922(g)(1). Dr. Jones does not anticipate using this defense and has no objection to the Government's motion. The Government's motion to exclude evidence on this possible defense is **GRANTED**.

### III. CONCLUSION

For the reasons stated above, the Government's Motions in Limine (Dkts. 61, 83, 72, 73, & 85) are GRANTED, the Government's Motions in Limine (Dkt. 65) and Motion to Offer 404 (b) Evidence (Dkts. 62) are GRANTED IN PART, and the Government's Motion in Limine (Dkt. 63) is taken under advisement.

If the parties wish to renew any arguments as the trial unfolds, they are free to approach the bench and do so. See *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in limine is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

**SO ORDERED**.

Date: 06/14/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John D. Manley
PUMPHREY & MANLEY
john@pumphreymanley.com

Charles David Pumphrey
PUMPHREY MANLEY
david@pumphreymanley.com

Bradley Paul Shepard
OFFICE OF THE UNITED STATES ATTORNEY
brad.shepard@usdoj.gov

Nicholas E. Surmacz
OFFICE OF THE UNITED STATES ATTORNEY
nicholas.surmacz@usdoj.gov