**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cr-0072-TWP-DML |
| | ) | |
| BRUCE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION PENDING TRIAL**

On July 9, 2013, this matter was before the Court for hearing on the Government's

Motion for Detention (Dkt. 137) and the United States Probation Office's Petition for Action on

Conditions of Pretrial Release (Dkt. 136). For the reasons stated below the Defendant Bruce

Jones ("Dr. Jones"), is ordered **DETAINED**.

## I.  LEGAL STANDARD

A judicial officer may issue a warrant for the arrest of a person charged with violating a

condition of release. 18 U.S.C. § 3148(b). The judicial officer shall enter an order of revocation

and detention if, after hearing, the judicial officer finds there is clear and convincing evidence

that the person has violated any other condition of release and that there are no conditions or

combination of conditions that will assure that the person will not flee or pose a danger to the

safety of any other person or the community; or that the person is unlikely to abide by any

condition or combination of conditions of release. 18 U.S.C. § 3148(b)(1)(B) and (2).

A defendant is also eligible for detention upon motion of the United States, or the Court

*sua sponte*, in cases involving a serious risk that the person will flee or a serious risk that the

defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a

prospective witness or juror.  18 U.S.C. § 3142(f)(2).  *United States v. Sloan,* 820 F.Supp. 1133, 1135-36 (S.D. Ind. 1993).  The existence of any of these conditions triggers the detention hearing which is a prerequisite for an order of pretrial detention.  18 U.S.C. § 3142(e).  The judicial officer determines the existence of these conditions by a preponderance of the evidence.  *Friedman,* 837 F.22d at 49.  *See United States v. DeBeir,* 16 F.Supp.2d 592, 595 (D.Md. 1998) (serious risk of flight); *United States v. Carter,* 996 F.Supp. 260, 265 (W.D. N.Y. 1998) (same).

## II.   FINDINGS OF FACT

Dr. Bruce Jones is charged in a Second Superseding Indictment with one count of health care fraud and three counts of being a previously convicted felon in possession of a firearm or ammunition, in violation of 18 U.S.C. §§ 1347 and 922(g)(1).  On July 8, 2013, Dr. Jones was scheduled for trial by jury on Counts 2-4 of the Second Superseding Indictment (the firearm counts).  The Court notes that it specifically told Dr. Jones at a hearing held on Friday, July 5, 2013, of his obligation to be present at 9:00 a.m. on Monday, July 8, 2013.  Despite this, Dr. Jones failed to appear for his trial by jury.  The Court notes that 51 potential jurors appeared, and the Government flew in four witnesses (three from Billings, Montana and one from Florida) for commencement of the trial.

Counsel for Dr. Jones proffered that they had received a telephone call from a nephew of Dr. Jones indicating that Dr. Jones was taken to Community Hospital of Anderson after apparently taking an overdose of prescription medication.  The Court granted the Government's request for a bench warrant, and Dr. Jones was arrested and transported from Community Hospital of Anderson to the secure wing at Wishard Memorial Hospital in Indianapolis at approximately 3:00 p.m. on July 8, 2013.  Thereafter, Dr.  Jones was released from Wishard

Memorial Hospital at approximately 3:00 a.m. on Tuesday, July 9, 2013, and transported to the Marion County Jail.

The United States Probation Office filed a Petition for Action on Conditions of Pretrial Release based on the allegation that Dr. Jones violated condition number 1of pre-trial release: "The defendant must appear in Court as required and, if convicted, must surrender as directed to serve a sentence that the Court may impose." (Dkt. 136).

The Government filed a motion for detention pursuant to 18 U.S.C. § 3142(f)(2) on the grounds that  is a risk of flight, poses a risk of obstructing justice, poses a risk of harm to any other member of the community (himself), and based upon his recent actions there are no conditions or combinations of conditions that can reasonably assure his attendance at trial.  (Dkt. 137).

The Court held a hearing at 2:00 p.m. on Tuesday, July 9, 2013, on the petition and detention motion.  The Government appeared by Assistant United States Attorneys Bradley Shepard and Nicholas Surmacz.  Dr. Jones appeared in person and with his counsel, C. David Pumphry and John Manley.  Dr. Jones denied the allegations in the petition for revocation.

The Government moved for additional time on its motion for detention, but indicated that it was prepared to go forward on the petition for revocation.  In support of the petition, the Government called U.S. Probation Officer Troy Adamson.  Officer Adamson testified that he is Dr. Jones' supervising probation officer, that one of the conditions of Dr. Jones' pre-trial release is that he appear as ordered at all court proceedings, and that Dr. Jones failed to appear at his scheduled jury trial.  Officer Adamson further testified that Dr. Jones is employed as licensed substance abuse counselor and it is likely that Dr. Jones would understand the dangers of taking prescription medicines in excess of a prescribed dose.

The Government next called Special Agent Charmaine Barfield of the FBI.  Agent Barfield testified that upon Dr. Jones' failure to appear on July 8, 2013, she proceeded to Community Hospital of Anderson to investigate.  She spoke with Dr. Jones' attending physician who indicated that Dr. Jones had taken a "cocktail" of Ambien (a prescription sleep aid), Soma (a prescription muscle relaxer), and Lorazepam/Ativan[1] (a prescription benzodiazepine).  The physician based this conclusion on two things:  Dr. Jones arrived at the hospital with bottles of those drugs, and a blood screen confirmed the presence of these substances in Dr. Jones' system. Agent Barfield testified that Dr. Jones was transported to Wishard Memorial Hospital and housed in the secure wing and guarded there by FBI agents.  Agent Barfield remained at the hospital with Dr. Jones until 7:00 p.m.  During this time, Agent Barfield witnessed Dr. Jones conversing with nurses.  During these conversations, Dr. Jones answered the nurses' questions with the exception of the question regarding "how many pills did you take?"  At this question, Dr. Jones would profess to be tired and would not respond.  Agent Barfield testified that she observed this exchange more than once.  Agent Barfield testified that Agent Paul Medernach observed Dr. Jones from 2:00 a.m. until he was released at 3:00 a.m.   Agent Medernach witnessed Dr. Jones indicate that he had taken multiple prescription drugs.

Agent Barfield testified that Dr. Jones is a licensed substance addiction counselor and in the course of her investigation she has reviewed notes in Dr. Jones work records which indicate that Dr. Jones is familiar with the potency of the drugs Ativan, Ambien and Soma. Specifically, Dr. Jones is recommending dosing changes of the same or similar drugs on behalf of his clients, indicating he is familiar with their potency.  Additionally, Agent Barfield testified that Dr. Jones' Ph.D. was in criminology, and she did not personally observe Dr. Jones take any pills.  Finally,

---

[1]Ativan is the trademarked name for the controlled substance lorazepam and both terms were used by the Government and the defense.  The Court will use the term Ativan for purposes of this order.

4

at the Government's request, the Court took judicial notice of the record from July 8, 2013, that

Dr. Jones was able to converse with first responders when they arrived to take him to the

hospital.

The defense offered no evidence.  The Court took judicial notice of the fact that the Dr.

Jones was not present as ordered at his July 8, 2013 trial.

After consideration of the above facts, the Court finds that Dr. Jones violated conditions

of pre-trial release, and orders that he be **DETAINED** pending further proceedings.

### III.  CONCLUSIONS

Dr. Jones was personally notified by the Court of his July 8, 2013 jury trial date and

necessity of his appearance only three days before he was scheduled to appear.  Dr. Jones is a

licensed substance abuse counselor, who provided counseling services to clients who were taking

the same or similar medications as those he ingested.  Additionally, Dr. Jones made dosing

recommendations on behalf of his clients for the drugs Ambien, Soma, and Ativan.  The Court

finds that Dr. Jones is likely familiar with the effects of the medications he consumed the

morning of his trial, and Dr. Jones knew, or should have known, the possible outcomes of taking

these three medications in excess of a prescribed dose.  Despite this knowledge, Dr. Jones took a

prescription "cocktail" that incapacitated him such that he did not appear for trial.

Therefore, by clear and convincing evidence, the Court finds Dr. Jones is a risk of flight

and non-appearance and he is therefore ordered **DETAINED**.  Further, the Court finds that Dr.

Jones poses a risk of danger to himself, and there are no conditions of combinations of

conditions other than detention that can reasonably assure his attendance at trial.

Based upon the Court's ruling, the Government's motion (Dkt. 137) is Moot.

**SO ORDERED.**

Date: 07/11/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John D. Manley
PUMPHREY & MANLEY
john@pumphreymanley.com

Charles David Pumphrey
PUMPHREY MANLEY
david@pumphreymanley.com

Bradley Paul Shepard
OFFICE OF THE UNITED STATES ATTORNEY
brad.shepard@usdoj.gov

Nicholas E. Surmacz
OFFICE OF THE UNITED STATES ATTORNEY
nicholas.surmacz@usdoj.gov