**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cr-00072 TWP-DML |
| | ) |
| BRUCE JONES, | ) |
| | ) |
| Defendant. | ) |

**ENTRY GRANTING DEFENDANT'S MOTION FOR**
**RETURN/RELEASE OF PROPERTY**

On June 22, 2016, this Court issued an Order instructing the Government to respond to

Defendant Bruce Jones' *pro se* Motion for Return of Property pursuant to Federal Rule of Criminal

Procedure 41(g) and state their position regarding release of  "insurance policies and properties"

to Defendant Jones. Specifically, Defendant Jones motion is seeking the release of insurance

policies which he alleges are being held by the Government. For the reasons stated below, the

Motion is **GRANTED**.

**DISCUSSION**

In April 2014, this Court granted a post-indictment restraining order to preserve the

availability of property belonging to Defendant Jones that might be subject for forfeiture. That

property included funds in six life insurance accounts in the name of Bruce E. Jones. (Dkt. 203).

On November 14, 2014, the Government submitted a preliminary order of forfeiture wherein it

stated that in open court, the parties had agreed to the forfeiture of two of the funds. (Dkt. 303).

On November 17, 2014, the Court issued an Agreed Preliminary Order of Forfeiture for the two

funds restrained in the post-indictment restraining order. (Dkt. 304).

On June 22, 2016, Defendant Jones filed a letter, which the Court treated as a *pro se* motion

seeking return of property. Importantly, the motion does not seek the return of any firearms.

Thereafter, on August 22, 2016, the Government filed both a Motion to Release Post-Indictment Restraining Order as to Bruce Jones (Dkt. 380) and a Response to Defendant's Letter Seeking Return of Certain Property (Dkt. 382). In the Response, the Government asserts that it did not seek forfeiture of any real property as part of Jones' sentence in connection with his criminal convictions and that it sought only and received an order for forfeiture of all firearms and two of his financial accounts; that being the funds in the AXA Insurance Account ending in 1069 (Asset Identification Number 13-FBI-005041) and the Western Reserve Life Insurance account ending in 3968 (Asset Identification Number 13-FBI-005037).

A Rule 41(g) motion may not be invoked to seek the return of property that has been forfeited. *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). On this bases, the Government asks the Court to deny the *pro se* Motion, asserting that it has not taken possession of any real property owned by Defendant Jones and his interest in the firearms and two of the funds has already been forfeited to the United States. However, the Government misconstrues Defendant Jones' motion. He is not seeking return of any forfeited firearms or accounts, but merely the accounts which are still being held. The Government argues that the four accounts at issue were not in the United States' possession, but instead were being held by the financial institutions pursuant to an Order of the Court. This argument is one of semantics, especially considering that this is a *pro se* motion. The Agreed Preliminary Order forfeited only the two funds, therefore, the four remaining funds from the post-indictment restraining order should have been released to Defendant Jones in November 2014, nearly 20 months ago. In his motion/letter, Defendant Jones explains that he has endured financial hardships and spoliation of his real property due to the hold. The Government has offered no explanation as to why it has waited 20 months to motion the Court

2

to lift the hold and release/return the remaining accounts belonging to Defendant Jones.

The Court determines that Defendant Jones is entitled to the return/release of the four funds which were not forfeited to the Government. Accordingly, the Motion for Return of Property (Dkt. 371) is **GRANTED** and the following items shall be **immediately** returned/released to Defendant Bruce Jones or his power of attorney:

    a. all funds in Protective Life Insurance Company (Formerly MONY Life Insurance/AXA Financial) Whole Life Policy, Account Number 9275481 (Asset Identification Number: 13-FBI-005042);

    b. all funds in AXA Financial Variable Life Policy, Account Number 048214254, in the name of Bruce E. Jones (Asset Identification Number: 13-FBI-005043);

    c. all funds in John Hancock Whole Life Policy, Account Number 061557106, in the name of Bruce E. Jones (Asset Identification Number: 13-FBI-005045); and

    d. all funds in John Hancock Whole Life Policy, Account Number 004616879 in the name of Bruce E. Jones (Asset Identification Number: 13-FBI-005046).

Simultaneously with this Entry, in a separate order, the Court is granting the Government's Motion to Release Post-Indictment Restraining Order as to Bruce Jones.

    **SO ORDERED.**

Date:   8/23/2016

DISTRIBUTION:

Bruce Jones, 11614-046
Federal Correctional Institution Terre Haute
4200 Bureau Road North
P.O. Box 33
Terre Haute, Indiana   47808

Bradley Shepard
UNITED STATES ATTORNEY'S OFFICE
bradley.shepard@usdoj.gov

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

3